C M C CORPORATION et al., Plaintiffs,

v.

KERN COUNTY LAND COMPANY et al.,
Defendants.

No. 47676.

United States District Court
N. D. California.

July 16, 1968.

Haizlip, Ring, O'Donnell & Moore, San Francisco, Cal., for plaintiffs.

Brobeck, Phleger & Harrison, San Francisco, Cal., for defendants Arbuckle, Cochran, Hewlett, Reid, Sesnon, Enersen and Preston.

McCutchen, Doyle, Brown & Enersen, San Francisco, Cal., for defendant Kern County Land Co.

Lillick, McHose, Wheat, Adams & Charles, Los Angeles, Cal., for Tenneco, Inc.

Charles C. Moore, San Francisco, Cal., for plaintiff in intervention Harjean Co.

## MEMORANDUM OF DECISION

SWEIGERT, District Judge.

This case came on for hearing on May 7, 1968, upon defendants' motions to dismiss for failure to state a claim and for lack of subject matter jurisdiction.

After oral argument by all parties, the motions were taken under submission upon the oral arguments, together with the

extensive and detailed briefs of the parties.

After careful analysis of the amended complaint and study of these briefs, the court concludes that the motions of defendants, and each of them, should be granted with leave, however, to amend.

The Court has withheld ruling with a view to filing a more detailed memorandum setting forth its reasons for this ruling. However, such memorandum (if prepared in proportion to the length of the briefs) would only delay decision and further progress in the case.

█ It is sufficient to state that the amended complaint, as it now stands, fails to set forth sufficient facts to present a federal claim for relief.

The mere allegation that the Kern Proxy Statement omitted to state the current fair market value and/or estimates of the fair market value of its real estate holdings, petroleum reserves and lease royalties does not, itself, present a federal claim for relief under the Securities Exchange Act of 1934 or the Securities Act of 1933.

Items 14 and 16 of Schedule 14A of Rule 14(a)–9, promulgated under Section 14(a) of the Securities Exchange Act, dealing with information required in proxy statements, specify certain minimum requirements for proxy statements when action is to be taken with respect to acquisition or disposition of any property (Item 16) or with respect to merger or sale or other transfer of all or a substantial part of assets (Item 14).

The enumerated requirements do not in terms include any requirement that the current fair value of assets and/or estimates of current fair value of assets be set forth in the proxy statement.

█ Plaintiffs, therefore, must allege facts clearly showing either (1) that failure to set forth current value and/or estimate of value of Kern assets amounted, under the particular circumstances of this case, to a failure to comply with some enumerated requirement of Items 14 or 16 *or* (2) that such failure amounted to a violation of the more

general provisions of Rule 14(a)–9, dealing with false or misleading statements in proxy statements, *or* (3) that such failure amounted to a violation of the general anti-fraud provisions of the Security Acts, e. g., Rule 10(b)–5(1) (2) or (3) promulgated under Section 10(b) of the Securities Exchange Act or Section 17(a) (1) (2) or (3) of the Securities Act.

The provisions of Rule 14(a)–9, Rule 10(b)–5 and Section 17(a) in effect prohibit (1) devices, schemes or artifices to defraud; (2) untrue statements of material facts or omissions to state material facts necessary in order to make the statements made in the light of the circumstances, not misleading; (3) acts, practices or course of businesses which operate or could operate as a fraud or deceit.

Although plaintiffs discuss at length in their brief a claimed "course of business" operating as a fraud [(3) supra], plaintiffs have evidently forgotten that facts should be set forth, not in their brief, but in the pleading. No such claim is stated in the amended complaint.

█ Plaintiffs' allegation that the Kern Proxy Statement omitted to state the fair market value and/or estimates of the fair market value of the Kern assets does not set forth facts sufficient to show that such omission was of a *material fact necessary, in the light of the circumstances, to make other statements in the proxy statement not misleading* within the meaning of (2), supra.

For example, how did such omission mislead shareholders who were specifically told that the assets were worth much more than the book value at which they were carried by Kern?

Similarly, plaintiffs do not set forth facts sufficient to show that the claimed failure to disclose the alleged listing agreement with Tenneco was *material* to the approval of the Plan of Reorganization. Similarly, with respect to the alleged untrue statement, i. e., the number of days spent in checking the Tenneco offer.

To the extent that plaintiffs intend to claim that this omission amounted to or was part of some device, scheme or artifice to defraud (within the meaning of (1), supra), or of some practice or course of business operable as a fraud or deceit (within the meaning of (3), supra), the amended complaint does not adequately allege the facts constituting any such device, scheme, artifice, practice or course of business.

For example, how did the claimed difference in value between Kern assets and the Tenneco stock materially and adversely affect shareholders who received for their Kern stock Tenneco stock which reflected Tenneco's ownership of these same assets through Tenneco's wholly owned subsidiary—the new KCL? What facts are alleged to show that the shareholders have lost their interest in the old Kern assets—whatever their value may be? Do plaintiffs claim that the Kern defendants, acting as insiders, gained the benefit of the alleged difference in value between Kern assets and the value of Tenneco stock? If so, the facts should be alleged.

In any event, the amended complaint is so vague and ambiguous in certain respects that defendants should not be required to frame a responsive pleading until it is amended to make a more definite statement of the facts, particularly in the following respects:

(a) The alleged "knowledge" of the old Kern defendants of the fair market value and/or estimates or appraisals of the fair market value of Kern assets and the source or basis of plaintiffs' information and belief on that subject;

(b) Plaintiffs' alleged knowledge of the fair market value and/or estimates of the fair market value of Kern assets and the source of basis of plaintiffs' own "belief" on that issue;

(c) Tenneco's alleged "knowledge" of the acts of the old Kern defendants and how the old Kern defendants "conspired" with each other and/or with Tenneco.

For the foregoing reasons it is ordered that the defendants' motions to dismiss the amended complaint be granted under Rule 12(b) (1) and (6) and (e), with leave, however, to amend within twenty (20) days from the date hereof.