Stephen **ABRAMS**, Plaintiff,

v.

**OCCIDENTAL PETROLEUM CORPORA-TION, Tenneco Inc. and Kern County Land Company, Defendants.**

Isaac **MUKAMAL**, Plaintiff,

v.

**OCCIDENTAL PETROLEUM CORPORA-TION, Tenneco Inc., KCL Corporation and Kern County Land Company, Defendants.**

**KERN COUNTY LAND COMPANY**, a Delaware corporation, Plaintiff,

v.

**OCCIDENTAL PETROLEUM CORPORA-TION, a California corporation, Defendant.**

**COLONIAL REALTY CORPORATION, Plaintiff,**

v.

**OCCIDENTAL PETROLEUM CORPORA-TION et al., Defendants.**

Nos. 67 Civ. 2858, 3291, 4042 and 4977.

United States District Court
S. D. New York.

June 23, 1969.

Wolf, Popper, Ross, Wolf & Jones, New York City, for plaintiff Stephen Abrams; Benedict Wolf, New York City, of counsel.

Kaufman, Taylor, Kimmel & Miller, New York City, for plaintiff Isaac Mukamal; Stanley L. Kaufman, Shephard S. Miller, New York City, of counsel.

Cahill, Gordon, Sonnett, Reindel & Ohl, New York City, for Tenneco Inc., Tenneco Corp. and Kern County Land Co. (a Delaware corporation); David R. Hyde, F. Arnold Daum, Charles S. Taylor, Jr., Houston, Tex., of counsel.

Phillips, Nizer, Benjamin, Krim & Ballon, New York City, for defendant Occidental Petroleum Corp.; Simon Rose, Reginald Leo Duff, New York City, of counsel.

Davis, Polk & Wardwell, New York City, for Kern County Land Co. (a dissolved California corporation), Dwight M. Cochran and George C. Montgomery; S. Hazard Gillespie, Robert F. Dobbin, New York City, of counsel.

Pomerantz, Levy, Haudek & Block, New York City, for plaintiff Colonial Realty Corp.; Abraham L. Pomerantz, New York City, of counsel.

## OPINION

HERLANDS, District Judge:

This motion for a stay is made by the following six parties: Tenneco Inc., Tenneco Corporation, Kern County Land Company (a Delaware corporation), Kern County Land Company (a dissolved California corporation), Dwight M. Cochran, and George G. Montgomery.

The prayed for order seeks to stay "all former stockholders of the former Kern County Land Company, a dissolved California corporation, from instituting or prosecuting any actions arising out of any of the acts or transactions which are the subject matter" of the four actions now pending in this Court, until final determination of these four actions.

The complaints in the four actions currently pending in this Court were outlined in Abrams v. Occidental Petroleum Corporation, 44 F.R.D. 543 (S.D. N.Y.1968) (hereinafter "the Abrams decision"). Because of the confusing corporate names and complicated inter-corporate relationships and transactions, reference to the matters described in the Abrams decision is indispensable for an understanding of the issues posed by the present motion.

However, certain facts in the Abrams decision relating to the identity of the six parties who are the movants at bar are now repeated in the interest of convenience:

1. Tenneco Inc. is the parent company of a subsidiary named Tenneco Corporation, a Delaware corporation, which is mentioned in the next item "2".

2. Tenneco Corporation owns all of the shares of KCL Corporation, a Delaware corporation. This corporation has had its name changed to Kern County Land Company, a Delaware corporation, which is mentioned in the next item "3". This corporation is commonly called "New Kern" to distinguish it from another corporation of exactly the same name, Kern County Land Company, mentioned in item "4" below.

3. Kern County Land Company is the Delaware corporation sometimes referred to as "New Kern".

4. Kern County Land Company, a dissolved California corporation, is sometimes referred to as "Old Kern".

5. Dwight M. Cochran, one of the individual defendants in Action No. 4 (the Colonial Realty Corporation action), was a director and officer (president) of "Old Kern" and is accused in that action (First and Second Counts) of having committed certain improper acts as a member of "Kern's management".

6. George G. Montgomery is in the same situation as Dwight M. Cochran, according to the complaint in Action No. 4. Montgomery was chairman of the board of "Old Kern".

It should also be noted that "Old Kern" was known as 600 California Corporation during the period between the sale of its business and assets (or merger or plan of reorganization) and its dissolution.

While the movants seek a stay against all actions which may hereafter be brought by the former stockholders of "Old Kern" (if any such actions arise out of "any of the acts or transactions which are the subject matter" of the four actions currently pending in this Court), they specifically direct their motion against the prosecution of the following two actions commenced in the United States District Court for the Northern District of California in February, 1969:

1. An action (Civil No. 50723), filed on February 5, 1969, by Occidental Petroleum Corporation against Kern County Land Company, a Delaware corporation; Tenneco Inc., a Delaware corporation; 600 California Corporation, "a dissolved California corporation"; Dwight M. Cochran and George C. [sic] Montgomery. This action will sometimes be referred to below as "the Occidental action".

2. An action (Civil No. 50739), filed on February 7, 1969, by Larue Uhl Gall, "on behalf of herself and all others similarly situated as former stockholders of 600 California Corporation, formerly Kern County Land Company" against Kern County Land Company, a Delaware corporation; Tenneco Inc., a Delaware corporation; 600 California Corporation, "a California corporation"; Cochran and Montgomery. This action will sometimes be referred to below as "the Gall action".

Occidental Petroleum is named as a defendant in each of the four actions currently pending in this Court. Mrs. Gall is not named as a defendant or otherwise in any of such actions.

*The Occidental Action*

The Northern District of California action by Occidental, in its individual capacity, seeks damages of "at least twenty million dollars". Structured in three counts, the complaint makes the charges now to be summarized.

The First Count accuses the defendants of having violated Sections 10(b) and 14(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78n(a), and S.E.C. Rules 10b–5 and 14a–9, 17 C.F.R. 240.10b–5 and 240.14a–9. The gist of the violations is that the defendants "engaged in a course of business which acted as a fraud" upon Occidental and the other shareholders of Old Kern in that defendant Tenneco Inc. was permitted to examine the confidential records of Old Kern and thereby learn the actual value of Old Kern's assets in order to enable Tenneco Inc. to submit an offer for the acquisition of Old

Kern's assets which would be "unfairly advantageous" to Tenneco Inc. and "disadvantageous" to the stockholders of Old Kern; that defendants Cochran and Montgomery received from Tenneco Inc. a written promise that they would retain their positions after the deal was closed; that, as a result, the negotiations between Old Kern and Tenneco Inc. were "totally inadequate to arrive at a fair and competitive offer for Old Kern's assets"; that thereafter a Plan of Reorganization was executed, on or about June 1, 1967, by Old Kern and Tenneco Inc.; that, in order to obtain the stockholders' approval of the reorganization plan, the defendants—"in furtherance of their course of business to defraud plaintiff and the other shareholders of Old Kern" —in violation of Sections 10(b) and 14(a) and S.E.C. Rules 10b–5 and 14a–9, made false representations "to plaintiff and the other shareholders of Old Kern" that the value of Old Kern's assets were approximately $100. per share of outstanding Old Kern stock whereas the actual value of said assets was at least $125. per share; that certain other misrepresentations were made; that the proxy statement sent "to plaintiff and the other shareholders" deliberately failed to disclose certain highly material facts which, if revealed, would have resulted in the stockholders' refusal to approve the reorganization plan; that, as part of "their fraudulent course of business", the defendants "set up the transaction as a sale of assets rather than as a merger"; that Cochran and Montgomery, together with the other Old Kern directors, received from Tenneco Inc. an indemnity agreement because they realized "that the above-averred course of business operated as a fraud upon plaintiff and the other shareholders of Old Kern; that because of "said fraudulent acts and conduct of defendants" the shareholders of Old Kern, on July 17, 1967, approved the reorganization plan; that, as a consequence, the assets of Old Kern were "transferred to New Kern for in excess of $25. per share less than

their fair value"; that "the shareholders of Old Kern have not retained their equity in Old Kern's assets"; and that plaintiff's damages amount to more than $20 million.

The Second Count incorporates by reference the allegations of the First Count and accuses the defendants with thereby having violated certain specified provisions of California state law: Cal. Civil Code, §§ 1572, 1709, 1710 (West 1954); and Cal. Corporations Code, § 820 (West 1955).

In addition, it is alleged that the defendants "violated said California law" by "knowingly obtaining a price for Old Kern's assets which was substantially less than the fair market value of said assets."

The Third Count, after incorporating by reference the allegations of the First Count, accuses Old Kern, Cochran and Montgomery of having "breached" the "fiduciary duties" owned by them "to plaintiff and the other shareholders of Old Kern" through "negligence, or otherwise"; and that the other defendants "aided and abetted" Old Kern, Cochran and Montgomery in such breaches and received the benefits of such breaches.

The movants for the stay argue that Occidental's pleadings in the four actions pending in this Court—namely, Occidental's third cross-claim in Action No. 1, its second cross-claim in Action No. 2, its third cross-claim in Action No. 4 and its third counterclaim in Action No. 3— already assert:

(a) That Old Kern's shares had a value of $25. per share over and above the value of the Tenneco preference stock received in exchange for the Old Kern shares;

(b) That this fact had been concealed from the Old Kern stockholders;

(c) That the foregoing acts violated the Securities Acts; and

(d) That an action in the United States District Court for the Northern District of California brought by CMC

Corporation, George T. Conly and A. Wayne Peters against Old Kern, Tenneco Inc. and others charged the said defendants with violations of Section 17(a) of the Securities Act of 1933, Section 10(b) of the Securities Exchange Act of 1934, and S.E.C. Rule 10b–5, based upon the inadequacy of the Tennco offer, and that Occidental has incorporated by reference the allegations of the amended complaint in the CMC action.

The movants further submit that Occidental's action asserts "virtually the same causes of action which it is already asserting here by way of cross-claim and counter-claim" (Wolf affidavit, sworn to March 24, 1969, p. 2).

The movants for the stay also contend that Occidental's action constitutes a compulsory counterclaim in Action No. 3 in this Court (Hyde affidavit, sworn to February 24, 1969, p. 10).

The approach to the decisive issues herein requires clearing away a considerable underbrush of irrelevant statements contained in the moving and opposing papers.

The CMC action (commenced around August 31, 1967), as is disclosed by an actual examination of the amended complaint therein, was a six-count representative class action on behalf of the Old Kern stockholders. On July 16, 1968, the amended complaint was dismissed with leave to further amend. CMC Corporation v. Kern County Land Company, 290 F.Supp. 695 (N.D.Calif. 1968). On September 16, 1968, the Clerk of the United States District Court for the Northern District of California was directed to dismiss the amended complaint with prejudice as to the three named plaintiffs and without prejudice as to the other members of the class. Upon the oral argument herein (though there is no statement in any affidavit), counsel for Occidental asserted that the CMC action was dismissed after "a substantial payment was made to the plaintiffs in that action". (Tr. 161).

There is no doubt that the amended complaint in the CMC action is the prototype of the complaints filed in February, 1969 by Occidental and Mrs. Gall in the Northern District of California (Tr. 160–161). As already pointed out, Occidental's action is a direct, individual action for damages whereas the Gall action is a primary class action on behalf of Old Kern's stockholders.

We now consider the nature of Occidental's cross-claims and counterclaim as interposed in the four actions pending in this Court, in order to determine whether Occidental's California action is duplicatory or otherwise improper.

The third cross-claim in Action No. 1, the second cross-claim in Action No. 2, the third cross-claim in Action No. 4 and the third counterclaim in Action No. 3 are verbatim the same as each other in their four charging paragraphs. Each demands damages in the amount of $40,000,000. (from Tenneco Inc. and Kern County Land Company in Action No. 1; from Tenneco Inc., KCL Corporation and Kern County Land Company in Action No. 2; from Tenneco Inc. and Kern County Land Company in Action No. 4; and from KCL Corporation and Kern County Land Company in Action No. 3).

The above-specified pleadings by Occidental in the four actions pending in this Court are grounded upon the following salient facts:

(1) In each, the first paragraph refers to the amended complaint in the CMC action in the Northern District of California which charges Tenneco Inc., Kern County Land Company and others with violations of Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a) (1964), Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) (1964) and S.E.C. Rule 10b–5.

(2) In each, the second paragraph commences with the words "According to said complaint," meaning the amended complaint in the CMC action. While this second paragraph does not explicitly

incorporate by reference the amended complaint in the CMC action, it is evident that Occidental is actually incorporating the allegations of said complaint, for it employs them as the very basis of its claim. The second paragraph cites the CMC complaint as alleging that Tenneco Inc. and Kern County Land Company induced the Kern stockholders to vote in favor of the Kern-Tenneco merger proposal at a time when the Kern shares had a value of $25. per share over and above the value of the new Tenneco preference stock to be received in exchange for the Kern shares and that Tenneco Inc. and Kern County Land Company did not disclose this material information to the Kern stockholders, including Occidental Petroleum.

(3) In each, the third paragraph refers to the foregoing allegations as: "Such information, if true and disclosed, * * *"; and in each, following such language, it is alleged that such information would have required Tenneco Inc. and Kern County Land Company to renegotiate a different and higher proposal "and would have led to a later closing date beyond December 9, 1967".

The date, December 9, 1967, is of critical importance because any date beyond it would, presumably, have exonerated Occidental from liability under Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b) (1964), that is, would have brought the Occidental Petroleum-Tenneco Inc. option agreement outside the vital six-months' period. It is for this reason that the third paragraph has a special twist in relationship to the theory upon which Occidental is proceeding. This is more fully reflected in the fourth paragraph.

(4) In each, the fourth paragraph charges that, by reason of the foregoing acts of Tenneco Inc. and Kern County Land Company (KCL Corporation is added in Actions No. 2 and No. 3) Occidental "has been subjected to Section 16(b) claims and expenses in excess of twenty million dollars" and, in addition,

has been damaged in an amount in excess of twenty million dollars, making up the claim of forty million dollars in each of the four pleadings.

Thus, certain allegations contained in the amended complaint in the CMC action are relied upon as the predicate for Occidental's cross-claims and counterclaim, formulated on a theory that the acts of Kern County Land Company and Tenneco Inc. which resulted in a closing of the merger deal prior to December 9, 1967, inflicted on Occidental damages and expenses under Section 16(b).

If we now compare the facts and the legal theory embodied in Occidental's pleadings (the cross-claims and the counterclaim in the four actions pending in this Court) with Occidental's complaint in the Northern District of California, the following features emerge:

The First Count of the Northern District of California complaint accuses the defendants of having violated Sections 10(b) and 14(a) of the Securities Exchange Act of 1934 and S.E.C. Rules 10b–5 and 14a–9, by fraudulent conduct involving false representations, non-disclosure of material facts in the proxy statement, improper setting up of the transaction as a sale of assets rather than as a merger, fraudulent inducements to the directors of Old Kern, and the consequent inadequate consideration received by the Kern stockholders for their shares.

Moreover, the Second Count of the Northern District of California complaint, though based upon the same facts as are alleged in the First Count, charges the defendants with having violated certain provisions of the California state statutes.

Finally, the Third Count in the Northern District of California complaint is based on the defendants' breaches of their fiduciary duties and their unjust enrichment therefrom.

This comparison demonstrates that, to some extent, there is an overlap in the operative facts relied upon in the sense

that in both the California complaint and in Occidental's pleadings in this District, reliance is placed upon the assertions that the Kern shares were exchanged for the Tenneco preference stock at a price which was $25. per share less than their true value and that the Kern directors, by misrepresentations, concealments and improper inducements, enticed the stockholders to approve the deal.

■ However, there is a decisive difference. Whereas the Northern District of California action, in its First Count, charges a conventional violation of Sections 10(b) and 14(a) of the Securities Exchange Act of 1934 and the corresponding S.E.C. regulations, the Occidental pleadings in the four actions in the Southern District of New York are structured on the unique theory that, if the offending defendants had acted properly, the Kern-Tenneco deal would have closed sometime after December 9, 1967 with the vital consequence that Occidental Petroleum would not have been subjected to Section 16(b) claims and other damages.

The Court, therefore, concludes that Occidental's California complaint is not duplicatory of the claims that are pleaded in Occidental's cross-claims and counterclaim in the four actions now pending in this Court.

■ But the foregoing conclusion does not end the matter. The Court is of the opinion that Occidental should have pleaded as a counterclaim in Action No. 3 pending in this Court the claims it is now asserting in its California complaint.[1] Fed.R.Civ.P. 13(a).

Those claims are compulsory counterclaims because they arise out of the same underlying transactions and occurrences that constitute the subject matter of the complaint of KCL Corporation (Action No. 3 herein). The defendants

in Occidental's California action could have moved to dismiss that action on the ground that it should have been pleaded as a counterclaim in Action No. 3 pending in this Court.

It is true that Occidental's California complaint includes Cochran and Montgomery as individual defendants and that they are not parties to Action No. 3 in the Southern District of New York. However, they have appeared in Action No. 4; and there is no doubt that they would do so in a cognate action (Tr. 136–137, 183).

Occidental's California complaint includes as its Second Count a claim predicated on the same facts that are pleaded in the First Count but which constitute alleged violations of certain California statutes. The Court has examined the statutes cited by Occidental. Section 1572 of the California Civil Code (West 1954) deals with the definition of actual fraud; Section 1709 deals with the definition of fraudulent deceit; and Section 1710 deals with the definition of deceit. Section 820 of the California Corporations Code (West 1955) provides for a director's duty to act in good faith. It is evident that all of these statutory provisions are essentially codifications of the common law. They do not represent anything endemic to California. Consequently, the claims formulated in Occidental's Second and Third Counts could readily be pleaded as common law causes of action in this district and be incorporated under the theory of pendent jurisdiction.

If so advised, Occidental may seek leave to interpose a counterclaim or counterclaims equivalent to the claims presently embodied in its California action. At this time, the Court expresses no dispositive opinion with respect to any such application nor with respect to the matter of priorities in the conduct of discovery and inspection, a question

---

1. Upon the oral argument herein, counsel for the movants gave their advance consent to an amendment of the pleadings here that would readily enable Occidental to add this counterclaim. (Tr. 130–131, 141).

which has engendered some post-argument heated letterwriting.

The motion for a stay is hereby granted with respect to Occidental's action (Civil No. 50723) in the Northern District of California.

*The Gall Action*

The Gall action is a primary class action on behalf of the Old Kern stockholders, pleaded in the form of three separate claims. It is a close paraphrase, if not a copy, of the Occidental complaint summarized above.

Count One charges violations of Sections 10(b) and 14(a) of the Securities Exchange Act of 1934 and the related S.E.C. rules. Count Two charges violations of certain California state statutes by virtue of the same acts described in Count One. Count Three is based on breaches of fiduciary duties predicated upon the same acts pleaded in Count One.

The defendants are Tenneco Inc., Kern County Land Company, 600 California Corporation, Cochran and Montgomery. Occidental Petroleum is not a defendant. It is an unnamed member of the class in behalf of which Mrs. Gall is suing. The significance of this will appear shortly.

It is necessary to consider, at this juncture, certain aspects of the actions pending in this Court.

For purpose of the present analysis, there is no need to examine the complaint in Action No. 3 brought by KCL Corporation against Occidental Petroleum Corporation, because it is a direct, personal action.

■ What is of surpassing importance is that, with the exception of the First Count of Action No. 4, all of the other claims in the four actions in this Court are either stockholders' derivative claims based upon violations of Section 16(b) of the Securities Exchange Act of 1934 or common law claims (based upon breach of fiduciary duties or corporate waste and incorporated into the complaint on the theory of pendent jurisdiction) or a claim based conglomerately both upon violations of Section 10(b) of the Securities Exchange Act of 1934 and S.E.C. Rule 10b–5 and upon common law violations (Fourth Count in Action No. 2). The First Count of Action No. 2 (the Mukamal action) is a hybrid pleading, mixing allegations conventionally associated with a derivative stockholder's action with oblique allegations that might be interpreted as asserting a primary class action in behalf of Old Kern stockholders, though rooted in a Section 16(b) recovery. Of course, every Section 16(b) claim belongs to the corporation and, when asserted by a stockholder, is a secondary or derivative action. The deliberately ambivalent pleading represented by the First Count of Action No. 2 cannot, at this stage of the litigation,[2] serve to bind and stymie Mrs. Gall, particularly because the claim asserted in the Gall class action is basically different.

The Gall action is not a stockholder's derivative action. If it were and if it were duplicatory of a claim previously asserted in this Court, it could be stayed under traditional principles. 2 G. Hornstein, Corporation Law & Practice 232 (1959). *Cf.* MacAllister v. Guterma, 263 F.2d 65, 71 (2d Cir. 1958).

We, therefore, return to the First Count of Action No. 4 (the Colonial Realty Corporation action), which is the only primary class action presently pending in this Court. It is a claim on behalf of the plaintiff therein and all persons who were Old Kern stockholders at the time of the sale of Kern's assets. This First Count does not include Kern County Land Company as a defendant but it does name as defendants Occidental Petroleum, Tenneco Inc., Tenneco Corporation, KCL Corporation and the directors of Old Kern, including Cochran and Montgomery.

---

2. *Cf.* Johnson v. American General Insurance Co., 296 F.Supp. 802, 808–811 (D.C.D.C.1969).

The factual and legal theory articulated in this First Count is that Occidental's opposition to the Kern-Tenneco deal was bought off by a premium of $8,866,230. and that:

"As a result, and with the consent of Kern's management, Tenneco paid a price for Kern's assets which was substantially less than it would have been but for the payment of such premium to Occidental." (Complaint, paragraph 11(a)).

The class claim embodied in the First Count of Action No. 4 is different, factually and legally, from the class claims pleaded in the Gall action. It is true that Mrs. Gall is an unnamed member of the class in whose behalf Colonial Realty Corporation, the plaintiff in Action No. 4, is advancing the First Count therein, the class claim. But it does not follow that the class claims of Mrs. Gall in her action are substantially the same as the claim represented by the First Count in Action No. 4.

As already noted, Occidental is pictured as one of the arch villains in the First Count of Action No. 4; whereas, in the Gall action, Occidental is one of the members of the victimized class in whose behalf the class action is being maintained. The thrust of the Gall action is not against Occidental but against the Old Kern management and the Tenneco companies, who are alleged to have engineered a deal through fraudulent misrepresentations, material concealments and improper inducements whereby the Old Kern shares were exchanged at a price ratio which was $25. a share less than their true value. The only common characteristic between the Gall action and the First Count of Action No. 4 is the asserted fact that the Old Kern shares were exchanged at a price substantially less than they were worth. But the differentiating characteristics between the two class claims—the means employed and the persons involved—greatly predominate over the mutual feature.

The Court concludes that the Gall class action is not duplicatory of or embraced within the class action pleaded in the First Count of Action No. 4. In these circumstances, there is no basis for this Court's staying Mrs. Gall from prosecuting her action in the Northern District of California, particularly in view of the undisputed facts that Mrs. Gall is a citizen and resident of California, has not been served with process nor has she appeared in any action pending in this Court.

The motion for a stay with respect to the Gall action is hereby denied.

The Court expresses no opinion as to whether it would be appropriate or proper for any party in any of the four actions now pending in this Court to move for leave to amend its pleadings so as to set forth a primary class claim substantially the same as the First Count of the Gall action. If such a class claim were pleaded by way of amendment, it may be that the Court would find that such a class action is maintainable under Fed. R.Civ.P. 23(b) (3).

Moreover, in the hypothetical event referred to, not only would the Court be required to make the determination called for by Fed.R.Civ.P. 23(c) (1)—a determination which not so incidentally, has not yet been made with respect to the First Count of Action No. 4 pending in this Court—but also would be required to direct the notice called for by Fed.R.Civ.P. 23(c) (2). When the supposititious notice shall have been directed to the members of the class (of which Mrs. Gall presumably would be one), she would have the privilege of requesting the Court to exclude her from the class, as provided by Fed.R.Civ.P. 23(c) (2).

In practical terms, this might indicate that, if an appropriate amendment were made to the present pleadings to reflect the same class action presently brought by Mrs. Gall in the Northern District of California, the hypothesized amendment would relate back to the date of the original pleading (Fed.R.Civ.P. 15(c))

in 1967 and the Court might then be in a position to stay her from maintaining her class action in the Northern District of California, though she could continue to maintain that action as a personal and private action. (*See* Tr. 142).

This opinion contains the findings and conclusions required by Fed.R.Civ.P. 52(a).

Settle an order on notice within five days from the date of the filing of this opinion, in accordance with the rulings expressed herein.